**TRAVELERS INDEMNITY COMPANY, Plaintiff,**

v.

**AMERICAN EXPRESS CO., Defendant.**

**No. 81 Civ. 3990 (KTD).**

United States District Court, S.D. New York.

March 15, 1983.

Steven G. Rubin, New York City, for plaintiff.

Winthrop, Stimson, Putnam & Roberts, New York City, for defendant; Edwin J. Wesely, Bebe J. Anderson, New York City, of counsel.

KEVIN THOMAS DUFFY, District Judge:

This diversity case arises out of the payment by Ranchers Exploration and Development Corp. ("Ranchers") of the personal American Express Company ("AmEx") credit card bills of its employee Linda Rodriguez. From August, 1978 through March, 1980, Ranchers' monthly remittances to AmEx covered both its corporate credit

card bills and the personal debts of Ms. Rodriguez and five other Ranchers' employees. The payments on Ms. Rodriguez's account totalled $30,997.72. Travelers Indemnity Company ("Travelers"), the subrogated carrier of Ranchers, was substituted as plaintiff herein to recover the payments made on Ms. Rodriguez's behalf.[1] Both sides now move for summary judgment.

The parties do not dispute that Ms. Rodriguez was employed by Ranchers during the relevant time period as an accounts payable clerk or that Ranchers paid her personal AmEx bills. Material factual issues raised by the parties, however, prevent the resolution of this litigation on a motion for summary judgment.

AmEx persuasively argues that its status as a holder in due course of the negotiable instruments tendered by Ranchers allows it to avoid liability herein. A holder in due course is defined in the Uniform Commercial Code[2] ("UCC") as "a holder who takes the instrument (a) for value; and (b) in good faith; and (c) without notice ... of any defense against or claim to it on the part of any person." N.Y.U.C.C. § 3–302 (McKinney 1964). Plaintiff concedes the first two elements but disputes that AmEx took possession of the instruments without knowledge that the payments on Ms. Rodriguez's account were unauthorized.

Under the UCC, notice of defenses against an instrument "means actual, subjective knowledge of defenses.... Notice is not shown merely by the existence of suspicious circumstances." *Indyk v. Habib Bank Limited,* 694 F.2d 54, 56 (2d Cir.1982). No facts suggest that AmEx had actual notice. Plaintiff's contention that the continuous payment of Ms. Rodriguez's personal bills is sufficient to create AmEx's notice of defenses is totally unavailing. Absent

other objective data, Traveler's has failed to demonstrate AmEx's actual notice.

The UCC provides, however, that notice of a claim may also be inferred when the purchaser[3] of the instrument "has knowledge that a fiduciary has negotiated the instrument in payment of ... his own debt...." N.Y.U.C.C. § 3–304(2) (McKinney 1964). Ms. Rodriguez's status as a fiduciary[4] remains to be determined. Her job description outlined by the plaintiff suggests fiduciary responsibilities, (Plaintiff's Answer to Interrogatories at 4), however, the actual work Ms. Rodriguez performed as well as defendant's knowledge of her use of the instrument to pay her debt remain unresolved and prevent determination of the holder in due course question.

Even assuming holder in due course status, the UCC provides that when parties to a negotiable instrument have previously dealt with one another, the holder in due course remains subject to the defenses of any party to the instrument. N.Y.U.C.C. § 3–305(2) (McKinney 1964). AmEx is thus subject to plaintiff's defense of Rodriguez's fraud in inducing Rancher's to sign the checks. Any assessment of the fraud defense obviously raises questions of intent that cannot be appropriately resolved on a motion for summary judgment. *See Astor v. Texas Gulf Sulphur Co.,* 306 F.Supp. 1333, 1344 (S.D.N.Y.1969).

The unresolved material factual issues stated above prevent the entry of summary judgment in either party's favor. This obviates the need to discuss the other arguments proffered by both parties.

The parties are directed to submit a Joint Pre-Trial Order delineating the issues to be tried and the witnesses to be called, *inter alia,* within forty-five (45) days of the date

---

1. The amount sought by Travelers has been reduced to $30,676.46 to reflect its assignment from Ranchers.

2. New York and New Mexico, the two states comprising the court's diversity jurisdiction, both have adopted all the sections of the UCC cited herein.

3. Both sides agree that AmEx was a purchaser of the negotiable instruments in question. *See* N.Y.U.C.C. §§ 1–201(32) and (33) (McKinney 1964).

4. A fiduciary is "[a] person having duty, created by his undertaking, to act primarily for another's benefit in matters connected with such undertaking." Black's Law Dictionary 753 (4th ed. 1968).

hereof. There will be no extensions of this deadline.

SO ORDERED.